M:\Trustee (AJM) cases\De Simone, C & J (1-2010)\1305 Adv (Bosco)\CX RE (final).doc
10-101-009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | No. 09-45896 |
| Candice Marie and ) | Hon. Pamela S. Hollis |
| John Vito De Simone ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| ) | |
| Andrew J. Maxwell, Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. No. |
| ) | |
| Robert J. Bosco, Denise Bosco ) | |
| John Vito De Simone & ) | |
| Candice Marie De Simone ) | |
| ) | |
| Defendants. ) | |

## ADVERSARY COMPLAINT

Plaintiff, Andrew J. Maxwell, not individually but solely as the Chapter 7 trustee ("Trustee") for the estate of Candice and John De Simone ("Debtors"), by his attorneys, states the following as his Adversary Complaint against Defendants Robert J. Bosco, Denise Bosco, John Vito De Simone and Candice De Simone (collectively, the "Defendants"):

## NATURE OF THE ACTION

1.  This is an action that seeks to avoid an alleged lien, to recover prepetition preferential transfers and to recover post-petition transfers that are property of the bankruptcy estate; to be awarded money damages and for other relief.

## PARTIES

2.  Defendants Robert J. Bosco and Denise Bosco (the "Boscos") are citizens and residents of this district, and at all times applicable herein, were married to each other.

Defendants John Vito De Simone and Candice Marie De Simone are the Debtors in this bankruptcy case and at all times applicable herein were married to each other.

3. Andrew J. Maxwell is the appointed Chapter 7 trustee in this bankruptcy case, has qualified and has been acting as such.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this adversary proceeding pursuant to Title 28 U.S.C. §1334, and Bankruptcy Rule 7001, et seq.

5. This is a core proceeding pursuant to Title 28 U.S.C. §157(b)(2) in which this Court is empowered to enter a final judgment.

6. Venue is proper in this District pursuant to Title 28 U.S.C. §1409(a).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. This case was commenced by the Debtors filing a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code on December 3, 2009 (the "Petition Date").

8. The Debtors' schedules disclosed an ownership interest in certain real estate commonly known as 1305 E. Palatine, Palatine, Illinois (the "Real Estate").

9. As of the Petition Date, the Real Estate was improved with a single-family dwelling that is not the Debtors' principal residence or homestead estate.

10. At all times applicable herein, the Real Estate was titled solely in the name of Candice De Simone ("Candice"), one of the Debtors in this bankruptcy case.

11. In or around August 2009, John De Simone ("John"), one of the Debtors, executed a residential lease contract (the "Lease") with LaToya Williams and Michael D. Fort (collectively, the "tenants") which leased the Real Estate to the tenants in exchange for payment by tenants to John in the amount of $2,600 per month. The Lease is property of the bankruptcy

estate pursuant to Section 541 of Title 11 U.S.C. (11 U.S.C. is referred to as the "Bankruptcy Code").

## COUNT I - DECLARATORY JUDGMENT

12. The Trustee reasserts and realleges the foregoing paragraphs 1 through 11 as paragraph 12 as if fully set forth herein.

13. Candice's interest in the Real Estate constitutes property of Debtors' bankruptcy estate within the meaning of §541(a) of the Bankruptcy Code, which Trustee may use, sell, or lease.

**WHEREFORE,** Andrew J. Maxwell, Trustee, prays this Court to enter an order:

A. Declaring that prior to the commencement of this bankruptcy case Candice was entitled to sell, encumber, convey and dispose of her interest in the Real Estate and to use the net proceeds in any manner she saw fit, including but not necessarily limited to payment of her lawful debts;

B. Declaring that Candice is the owner of 100% in the Real Estate and that such interest constitutes property of her bankruptcy estate which Trustee may use, sell, or lease;

C. Awarding Trustee his costs of suit; and

D. For such other and further relief as this Court deems just and fair.

## COUNT II – DETERMINATION OF VALIDITY OF THE BOSCOS' MORTGAGE

14. The Trustee reasserts and realleges the foregoing paragraphs 1 through 11 as paragraph 14 as if fully set forth herein.

15. On information and belief, in or about January 2008, John executed a mortgage in favor of the Boscos in which the Real Estate was used as collateral for the mortgage (the "Bosco

Mortgage").

16. John did not own any legal interest in the Real Estate at the time of the execution of the Bosco Mortgage.

17. The Bosco Mortgage was recorded against the Real Estate on or about January 10, 2008.

18. Pursuant to §544 of the Bankruptcy Code, the Trustee is entitled to assert the rights available under Illinois law against actual creditors of the Debtors.

19. At all times relevant hereto there was in full force and effect in Illinois the Illinois Conveyance Act, 765 ILCS 5/1 et seq.

20. The Bosco Mortgage constitutes an invalid lien against the Real Estate within the meaning of the Illinois Conveyance Act because Candice, not John, is the record titleholder of the Real Estate.

21. Accordingly, this Court should enter a judgment invaliding the Bosco Mortgage as a lien against the Real Estate pursuant to the Illinois Conveyance Act and Section 544(a) of the Bankruptcy Code.

**WHEREFORE,** Andrew J. Maxwell, Trustee, prays this Court to enter an order:

A. Declaring that the Bosco Mortgage constitutes an invalid lien against the Real Estate within the meaning of the Illinois Conveyance Act;

B. Avoiding the recording of the Bosco Mortgage as a lien against the Real Estate;

C. Awarding Trustee his costs of suit and attorneys' fees; and

D. For such other and further relief as this Court deems just and fair.

## COUNT III – AVOIDANCE OF PREFERENTIAL TRANSFERS
(Against the Boscos)

22. The Trustee reasserts and realleges the foregoing paragraphs 1 through 11 as paragraph 22 as if fully set forth herein.

23. On information and belief, the Boscos are insiders of one of the Debtors, within the meaning of §101(31) of the Bankruptcy Code.

24. During the year preceding the Petition Date, one or both of the Debtors made transfers to the Boscos totaling at least $15,600 (the "Transfers").

25. The Transfers were made to or for the benefit of the Boscos.

26. The Transfers were made for or on account of an antecedent debt or debts owed by John to the Boscos before the Transfers were made.

27. The Debtors were insolvent at the time of the Transfers.

28. The Transfers enabled the Boscos to receive more than he would have received if:

   A. The Debtors had been debtors in a case under Chapter 7 of the Bankruptcy Code at the time of the Transfers;

   B. The Transfers had not been made; and

   C. The Boscos had received payment of their claim(s) pursuant to the provisions of Chapter 7 of the Bankruptcy Code.

29. The Transfers constitute preferences within the meaning of §547(b) of the Bankruptcy Code and should be avoided.

30. Pursuant to §550(a)(l) of the Bankruptcy Code, the Trustee is entitled to recover from the Boscos the amount of the Transfers.

**WHEREFORE**, Andrew J. Maxwell, Trustee, prays this Court to enter judgment in his

favor and against Robert J. Bosco and Denise Bosco for the following relief:

    A. Avoiding the Transfers as preferences pursuant to §547(b) of the Bankruptcy Code;

    B. Entering a monetary judgment against Defendant Robert J. Bosco and Denise Bosco for the amount of $15,600.00, plus interest;

    C. Directing the Boscos to pay the Trustee funds in the amount of $15,600.00, plus interest;

    D. Awarding Trustee his costs of suit and attorneys' fees to the extent permitted by law; and

    E. For such other and further relief as this Court deems just and fair.

## **COUNT IV – AVOIDANCE OF TRANSFERS PURSUANT TO §548 OF THE BANKRUPTCY CODE**
(Against the Boscos)
(This count is brought in the alternative to Count III.)

31. The Trustee reasserts and realleges the foregoing 1 through 11, 15 through 17, and 23 through 25 as paragraph 31 as if fully set forth herein.

32. On information and belief, Debtors received no consideration in exchange for the Transfers.

33. On information and belief, Debtors made the Transfers

(a) with actual intent to hinder, delay or defraud their creditors; or

(b) without receiving a reasonably equivalent value in exchange for the transfers, and at a time when:

    (1) Debtors were insolvent, or became insolvent as a result of the transfers; or

    (2) Debtors were engaged or was about to engage in a business or a transaction for which their remaining assets were an unreasonably small capital in relation to such business or transaction; or

    (3) Debtors intended to incur or believed that they would incur debts

beyond their ability to pay as they came due.

34. The Transfers constitute fraudulent conveyances within the meaning of §548(a) of Title 11 U.S.C. and should be avoided.

**WHEREFORE,** Andrew J. Maxwell, Trustee, prays this Court to enter judgment in his favor and against the Boscos for the following relief:

A. Declaring the Transfers to be a violation of the Section 548 of the Bankruptcy Code, and avoiding the Transfers by authority of 11 U.S.C. § 544;

B. Entering a money judgment for Andrew J. Maxwell, Trustee and against Defendant Robert J. Bosco and Denise Bosco for the present value of the amount of the avoided transfers, or such other amount determined by this Court to be due;

C. Awarding Andrew J. Maxwell, Trustee his costs of suit and attorneys' fees to the extent permitted by law; and

D. Granting such other and further relief as this Court deems just and fair.

**COUNT V- AVIODANCE OF THE TRANSFERS PURSUANT TO UFTA)**
(Against the Boscos)
(This count is brought in the alternative to Count III.)

35. The Trustee reasserts and realleges the foregoing 1 through 11, 15 through 17, and 23 through 25 as paragraph 35 as if fully set forth herein.

36. On information and belief, prior to January 2008 one or both the Debtors had an open credit card account with American Express ("American Express") with a balance due.

37. On information and belief, prior to January 2008 one or both the Debtors had an open credit card account with Bank of America ("BOA") with a balance due.

38. On information and belief, prior to January 2008 one or both the Debtors had an open credit card account with Capital One ("Capital") with a balance due.

39. On information and belief, prior to January 2008 one or both the Debtors had an open credit card account with Chase ("Chase") with a balance due.

40. On information and belief, prior to January 2008 one or both the Debtors had an open credit card account with Citibank ("Citibank") with a balance due.

41. On information and belief, prior to January 2008 one or both the Debtors had an open credit card account with Direct Loan Service System ("Direct Loan") with a balance due.

42. On information and belief, prior to January 2008 one or both the Debtors had an open credit card account with Discover ("Discover") with a balance due.

43. On information and belief, prior to January 2008 one or both the Debtors had an open credit card account with GE MoneyBank ("GE") with a balance due.

44. On information and belief, prior to January 2008 one or both the Debtors had an open credit card account with Home Depot Credit Services ("Home Depot") with a balance due.

45. On information and belief, prior to January 2008 one or both the Debtors had an open credit card account with Jacobs & Newmark, P.C. ("J&N") with a balance due.

46. On information and belief, prior to January 2008 one or both the Debtors had an open credit card account with JC Penny ("JCPenney") with a balance due.

47. On information and belief, prior to January 2008 one or both the Debtors had an open credit card account with Macy's ("Macy's") with a balance due.

48. On information and belief, prior to January 2008 one or both the Debtors had an open credit card account with Marshall & Ilsley Bank ("M&I") with a balance due.

49. On information and belief, prior to January 2008 one or both the Debtors had an open credit card account with Menards ("Menards") with a balance due.

50. On information and belief, prior to January 2008 one or both the Debtors had an

open credit card account with Nordstrom ("Nordstrom") with a balance due.

51. On information and belief, prior to January 2008 one or both the Debtors had an open account with Rush University Medical Ctr ("Rush") with a balance due.

52. On information and belief, prior to January 2008 one or both the Debtors had an open credit card account with Sears ("Sears") with a balance due.

53. On information and belief, prior to January 2008 one or both the Debtors had an open account with State Farm Bank ("SFB") with a balance due.

54. On information and belief, prior to January 2008 one or both the Debtors had an open account with Village of Palatine ("Palatine") with a balance due.

55. On information and belief, prior to January 2008 one or both the Debtors had an open account with WaMu Business Card ("WaMu") with a balance due

56. On information and belief, the Debtors did not receive reasonably equivalent value in exchange for the Transfers.

57. At all times relevant hereto there was in full force and effect in Illinois the Uniform Fraudulent Transfer Act ("UFTA"), 740 ILCS 160/1 et seq.

58. On information and belief, American Express, BOA, Capital, Chase, Citibank, Direct Loan, Discover, GE, Home Depot, J&N, JCPenney, Macy's, M&I, Menards, Nordstrom, Rush, Sears, SFB, Palatine, and WaMu became creditors of the Debtor within the meaning of section 2(d) of UFTA prior to the Transfers.

59. On information and belief, one or both of the Debtors made the Transfers:

(1) with actual intent to hinder, delay or defraud any creditor of the Debtors, including but not limited to American Express, BOA, Capital, Chase, Citibank, Direct Loan, Discover, GE, Home Depot, J&N, JCPenney, Macy's, M&I, Menards, Nordstrom, Rush,

    Sears, SFB, Palatine, or WaMu; or

        (2)    without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the Debtors:

        (A)    was engaged or was about to engage in a business or transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction; or

        (B)    intended to incur, or believed or reasonably should have believed that they would incur, debts beyond her ability to pay as they became due.

60.    The Boscos are insiders of one or both of the Debtors within the meaning of Section 2(g)(1)(A) of UFTA.

61.    The Transfers were a substantial portion of the Debtors' assets.

62.    Pursuant of §544 of Title 11 U.S.C. (the "Bankruptcy Code"), the Trustee is entitled to assert the rights available under Illinois law to actual unsecured creditors of the Debtors as of the Transfers date(s).

63.    On information and belief, as of the Transfers date the Debtors owed debts to one or more unsecured creditors, including but not limited to American Express, BOA, Capital, Chase, Citibank, Direct Loan, Discover, GE, Home Depot, J&N, JCPenney, Macy's, M&I, Menards, Nordstrom, Rush, Sears, SFB, Palatine, and WaMu, whose debts remain unpaid as of the Petition Date.

64.    The Transfers constitute fraudulent transfers within the meaning of the UFTA and should be avoided pursuant to the UFTA and §544 of the Bankruptcy Code.

**WHEREFORE,** Andrew J. Maxwell, Trustee, prays this Court to enter judgment in his favor and against the Boscos for the following relief:

A.    Declaring the Transfers to be a violation of the Uniform Fraudulent Transfer Act,

740 ILCS 160/1 et seq., and avoiding the Transfer by authority of 11 U.S.C. § 544;

      B.     Entering a money judgment for Andrew J. Maxwell, Trustee and against Defendant Robert J. Bosco and Denise Bosco for the present value of the amount of the avoided transfers, or such other amount determined by this Court to be due;

      C.     Awarding Andrew J. Maxwell, Trustee, his costs of suit and attorneys' fees to the extent permitted by law; and

      D.     Granting such other and further relief as this Court deems just and fair.

### COUNT VI – TURNOVER OF PROPERTY OF THE ESTATE
(Against the Boscos)

65.     The Trustee reasserts and realleges the foregoing paragraphs 1 through 11 as paragraph 65 as if fully set forth herein.

66.     On information and belief, Defendants Robert J. Bosco and Denise Bosco are in possession of a security deposit in the amount of $2,600.00 (the "Security Deposit") paid by the tenants as a part of the Lease.

67     The Lease is property of the bankruptcy estate and includes Trustee's rights to the Security Deposit under the Lease.

68.     At all times relevant hereto 11 U.S.C. Section 542(a) was in full force and effect and it states in pertinent part as follows:

> (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

69.     Pursuant to Section 542(a) of the Bankruptcy Code, this Court should enter a) an order requiring the Boscos to turn over and deliver the Security Deposit to Trustee or b) a money

judgment against the Boscos for the amount of the Security Deposit

**WHEREFORE,** Andrew J. Maxwell, Trustee, prays this Court to enter an order:

A. Ordering Robert J. Bosco and Denise Bosco to turn over and deliver to Trustee the Security Deposit;

B. Entering a money judgment in favor of the Trustee and against Robert J. Bosco and Denise Bosco in the amount equal to the sum of the Security Deposit and other amounts awarded;

C. Awarding Trustee his costs of suit and attorneys' fees; and

D. For such other and further relief as this Court deems just and fair.

## COUNT VII – AVOIDANCE OF POSTPETITION TRANSFERS
(Against the Boscos, John and Candice)

70. The Trustee reasserts and realleges the foregoing 1 through 11 as paragraph 70 as if fully set forth herein.

71. On information and belief, after the Petition Date the Defendants received at least $10,400 ("PostPetition Transfers") as payments made by the tenants under the Lease, which payments constituted property of the estate and should have been paid to the Trustee..

72. At all times relevant hereto 11 U.S.C. Section 549(a) was in full force and effect and it states in pertinent part as follows:

> (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate --
> (1) that occurs after the commencement of the case; and
> (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
> (B) that is not authorized under this title or by the court.

73. Pursuant to §549(a) of the Bankruptcy Code, this Court should enter an order avoiding the PostPetition Transfers, and directing the PostPetition Transfers or equivalent money

be paid to the Trustee.

**WHEREFORE,** Andrew J. Maxwell, Trustee, prays this Court to enter an order:

E. Declaring that the PostPetition Transfers are postpetition transfers within the meaning of §549(a) of the Bankruptcy Code;

F. Avoiding the PostPetition Transfers insofar as they were paid to the Defendants instead of the Trustee;

G. Entering a monetary judgment in favor of Trustee and against the Defendants in an amount equal to the sum of the PostPetition Transfers and such other amounts awarded;

H. Awarding Trustee his costs of suit, including attorneys' fees; and

I. For such other and further relief as this Court deems just and fair.

        Respectfully submitted,
        Andrew J. Maxwell, Trustee

        BY:__/s/ Vikram R. Barad___
            One of his attorneys

Andrew J. Maxwell (ARDC# 1799150)
Vikram R. Barad (ARDC# 6277076)
Maxwell Law Group, LLC
105 West Adams, Suite 3200
Chicago, Illinois 60603
312/368-1138