IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | No. 09-45896 |
| Candice Marie and ) | Hon. Pamela S. Hollis |
| John Vito De Simone ) | Chapter 7 |
| Debtors. ) | |

## NOTICE OF MOTION

To:  See Attached Service List

    PLEASE TAKE NOTICE that on July 9, 2013 at 10:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Pamela S. Hollis in Courtroom 644, or such judge who may be sitting in her stead, in the Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present **Trustee's Motion to Approve Settlement With Candice and John De Simone**, at which time and place you may appear, if you so see fit.  A copy of said Motion is attached hereto and herewith served upon you.

                                        Andrew J. Maxwell (ARDC#1799150)
                                        Nicole A. Elipas (ARDC #6303236)
                                        Maxwell Law Group, LLC
                                        105 W. Adams, Suite 3200
                                        Chicago, IL 60603
                                        312/368-1138

## CERTIFICATE OF SERVICE

    The undersigned attorney certifies that (s)he caused a copy of the foregoing Notice and Motion to be served upon the United States Trustee and Debtor's attorney (and any others having registered) pursuant to Section II(B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants, and on other parties by United States Mail deposited on June 24, 2013.

                                                    */s/  Andrew J. Maxwell*

Service List

Via ECF
United States Trustee
219 South Dearborn St.
Room 873
Chicago, IL 60604

Daniel Robin
Daniel K Robin Ltd
121 S Wilke Rd #201
Arlington Heights, IL 60005

Joseph A. Baldi
Baldi Berg & Wallace, Ltd.
19 S LaSalle Street Suite 1500
Chicago, IL 60603

Chase Home Finance LLC
c/o Christopher M. Brown
10790 Rancho Bernardo Road
San Diego, CA 92127-5705

Itasca Bank & Trust
c/o Francisco Connell
308 W Irving Park Rd
Itasca, IL 60143-2193

First Merit Bank, N.A.
c/o Kenneth A. Fedinets
236 W. Lake Street
Bloomingdale, IL 60108

JPMorgan Chase Bank, National Association
c/o Codilis and Associates
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527-6921

BankFinancial FSB
c/o Francis J. Pendergast
15W060 N. Frontage Road
Burr Ridge, IL 60527

Via US Mail
John and Candice DeSimone
4620 Tall Trees Court
Palatine, IL 60067

American Home Mortgage Servicing, Inc.
c/o Codilis and Associates
15W030 North Frontage Road, #100
Burr Ridge, IL 60527-6921

Bank of America
c/o Pierce & Associates
1 N. Dearborn #1300
Chicago, IL 60602-4321

Bank of America
c/o Zwicker & Associates, P.c.
PO Box 101145
Birmingham, AL 35210-6145

Chase
c/o Enhanced Recovery Corp.
8014 Bayberry Rd
Jacksonville, FL 32256-7412

Chase Home Finanace, LLC
PO Box 509011
San Diego, CA 92150-9011

Citizens Bank & Trust
5700 N. Central Ave.
Chicago, IL 60646-6410

Fifth Third Bank
c/o Jerry L. Switzer, Jr.
Polsinelli Shughart, P.C.
161 N. Clark Street, Suite 4200
Chicago, IL 60601-3316

George Andreanopolis
78 E. Wilmette Ave
Palatine, IL 60067-7218

Home Loan Services
150 Allegheny Center
Pittsburgh, PA 15212-5335

James McNamara
287 Deertrail Court #C
Lake Barrington, IL 60010-1791

Riffner Barber Rowden Scott, LLC
1834 Walden Office Sq. 5th Floor
Schaumburg, IL 60173-4298

Robert J. Bosco
1512 Marguerite
Park Ridge, IL 60068

Ruth Simmon
57 E Illinois
Palatine, IL 60067-7126

State Farm Bank
1 State Farm Plaza
Bloomington, IL 61710-0001

Taylor Bean & Whitaker
1417 N. Magnolia Ave.
Ocala, FL 34475-9078

WaMu Business Card
PO Box 660433
Dallas, TX 75266-0433

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | No. 09-45896 |
| Candice Marie and ) | Hon. Pamela S. Hollis |
| John Vito De Simone ) | Chapter 7 |
| Debtors. ) | |

### TRUSTEE'S MOTION TO APPROVE SETTLEMENT
### WITH CANDICE AND JOHN DE SIMONE

Andrew J. Maxwell, Chapter 7 Trustee, by his attorneys, pursuant to Federal Rule of Bankruptcy Procedure 9019(a), states the following as the Trustee's Motion to Approve Settlement With Candice and John De Simone (collectively, "Debtors")(the "Motion") in regard to Adversary Proceeding no. 12-00161 (the "Discharge Adversary Proceeding"):

1.  This case was commenced by Debtor's voluntary filing of a petition for relief under Chapter 7 of the Bankruptcy Code on December 3, 2009. Andrew J. Maxwell ("Trustee") was appointed to serve as Chapter 7 Trustee, qualified, and has been acting as such.

2.  The Debtors' schedules disclosed an ownership interest in certain real estate commonly known as 1305 E. Palatine, Palatine, Illinois (the "Real Estate").

3.  The Trustee administered and ultimately sold the Real Estate. Based on information from the Debtors and from his investigation, Trustee filed an adversary complaint commencing adversary proceeding no. 11 A 02549 ("Bosco Adversary") against Debtors and Mr. and Mrs. Bosco to recover certain payment made or alleged to have been made in connection with the Real Estate. The Bosco Adversary was ultimately settled and thereafter dismissed.

4.  During the course of the bankruptcy case, Debtors received a discharge.

5.  Based on information from his continuing investigation after Debtors received a

discharge, the Trustee believed that grounds existed to revoke the discharge issued to the Debtors. Those grounds were outlined in the Discharge Adversary Complaint (docket #1 in the Discharge Adversary Proceeding), which Trustee caused to be filed commencing the Discharge Adversary Proceeding. The relief requested included, inter alia, that Debtors' discharge be revoked. The Discharge Adversary Proceeding was scheduled for trial on March 21, 2013.

6. Immediately prior to the scheduled trial, Trustee and the Debtors negotiated a proposed settlement of the Discharge Adversary Proceeding. Subject to authorization and approval by this Court, a judgment will be entered against the Debtors revoking their discharge but providing that upon payment of the sum of $12,000 to the Estate in monthly installments the judgment will be deemed satisfied and the revocation of discharge vacated. The entry of the judgment will conclude the Adversary Proceeding. A draft of the Agreed Judgment order is attached to this Motion as Exhibit A; the final form of the draft has not been agreed to by Debtors as of the date and time of finalizing this Motion.

7. Trustee believes the settlement is fair, reasonable, and in the best interests of creditors and the estate (see, <u>DePoister v. Mary M. Holloway Foundation</u>, 36 F.3d 582 (7th Cir. 1994)) and requests that the Court approve this settlement and authorize Trustee to enter into the Settlement Agreement. The settlement will avoid the costs and uncertainty of the continued litigation of this issue against Debtors and the Adversary Proceeding, and will advance completion of administration of the bankruptcy case.

8. Trustee believes that under applicable authority, good and sufficient grounds exist for entry of an order authorizing and approving the settlement. In particular, Federal Rule of Bankruptcy Procedure 9019(a) expressly permits a Trustee to compromise and settle claims,

subject to approval by the Bankruptcy Court. The United States Supreme Court has noted that "[c]ompromises are a 'normal part of the process of reorganization.'" *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 424 (1968). In *TMT Trailer*, the Supreme Court pronounced the "fair and equitable" test as the standard for approval of a compromise and settlement. 390 U.S. at 424; *see also Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

9. In the final analysis, the Court must determine whether a proposed settlement is in the best interest of creditors and the estate. *Matter of Energy Coop. Inc.*, 886 F.2d 921, 927 (7th Cir. 1989) ("The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate.") Under this provision, the Court should compare the terms of the settlement with the probable costs and probable benefits. *LaSalle National Bank v. Holland (In re American Reserve Corp.)* 841 F.2d 159, 161 (7th Cir. 1987).

10. In determining whether to approve a proposed settlement the Court should not substitute its judgment for that of the Trustee. *Matter of Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984). Instead, the Court need only "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983). The proposed settlement is well within the "range of reasonableness" and should be approved.

11. Pursuant to Federal Rule of Bankruptcy Procedure 9019(a), Trustee seeks this Court to authorize and approve the settlement. Trustee further seeks this Court to authorize him to execute such documents and undertake such actions that he deems necessary to consummate the settlement, including but not limited to the Agreed Judgment Order to be entered by this

Court.

12.     Trustee has provided approximately fifteen (15) days notice of this Motion to Debtors, Debtors' counsel, the United States Trustee, and to the twenty largest scheduled creditors of the Debtors, as reflected on the attached service list.  To the extent possible, service was made pursuant to Section II(B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants, and if not possible then by depositing same in the United States Mail, first class postage prepaid.  Trustee requests that any further notice to creditors be waived for good cause shown, specifically that any further notice requirement and any further costs expended beyond what is absolutely necessary will merely deplete the minimal amount of funds in the estate and the sum at stake is not a large amount.  Federal Rule of Bankruptcy Procedure 2002(h) specifically authorizes this Court to limit notice.

**WHEREFORE**, Andrew J. Maxwell, Trustee, prays this Court to approve the notice given of this Motion and to waive further notice; to authorize and approve the settlement; to authorize Trustee to execute such documents and undertake such actions that the Trustee deems necessary to consummate the settlement; and to grant such other and further relief as this Court deems just and fair.

        Respectfully submitted,
        Andrew J. Maxwell, Trustee
        BY: */s/ Andrew J. Maxwell*
          One of his attorneys

Andrew J. Maxwell (ARDC #1799150)
Nicole A. Elipas (ARDC #6303236)
Maxwell Law Group, LLC
105 West Adams St., Suite 3200
Chicago, IL 60603
312/368-1138